Andrew P. Gordon
Nevada Bar No. 3421
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
agordon@mcdonaldcarano.com

William R. Maguire (*admitted pro hac vice*)
Kenneth M. Katz (*admitted pro hac vice*)
Yoshinori M. Sasao (*admitted pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
maguire@hugheshubbard.com
katzk@hugheshubbard.com
sasao@hugheshubbard.com

*Attorneys for Defendant*
*KPMG International Cooperative*

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OAKTREE CAPITAL MANAGEMENT, L.P., on behalf of its managed funds and accounts; LAZARD ASSET MANAGEMENT LLC, on behalf of its managed funds and accounts; ANGELO, GORDON & CO., L.P.; ZAZOVE ASSOCIATES LLC, on behalf of its managed funds and accounts; CNH PARTNERS, LLC; ADVENT CAPITAL MANAGEMENT, LLC; AQR CAPITAL MANAGEMENT, LLC; and HFR CA LAZARD RATHMORE MASTER TRUST,

Plaintiffs,

vs.

KPMG; KPMG INTERNATIONAL COOPERATIVE; KPMG LLP; HANSEN, BARNETT & MAXWELL, P.C.; and MORGAN STANLEY & CO.,

Defendants.

Case No.: 2:12-cv-00956-JCM-(GWF)

**KPMG INTERNATIONAL COOPERATIVE'S MOTION TO DISMISS THE COMPLAINT**

Defendant KPMG International Cooperative ("KPMG International"), by and through its undersigned counsel, hereby respectfully submits this Motion to Dismiss the claims against KPMG International in the Complaint, dated June 6, 2012, pursuant to Federal Rule of Civil

Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. This Motion is supported by the following Memorandum of Points and Authorities, the pleadings on file with the Court, as well as any oral argument the Court may entertain on the matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

The Complaint alleges that ShengdaTech, Inc. ("ShengdaTech" or the "Company") – a Nevada corporation with its principal place of business in China – issued fraudulent financial statements on which plaintiffs relied in purchasing the corporation's securities. (Compl. ¶¶ 1-2, 31.) The Complaint seeks damages from five defendants: the company that ShengdaTech retained as its underwriter, Morgan Stanley & Co.; the firms that ShengdaTech retained as its auditors, Hansen, Barnett & Maxwell, P.C., and KPMG ("KPMG Hong Kong"); and two additional defendants that are not alleged to have had any engagement with ShengdaTech: the United States firm, KPMG LLP ("KPMG USA"), and the Swiss cooperative, KPMG International. There is no allegation that ShengdaTech was a client of KPMG International or, indeed, that the cooperative has any clients. Similarly, the pleading does not allege that KPMG International performed any services for ShengdaTech or, for that matter, that it is even in the business of providing services to clients or of performing professional services of any kind.

The Complaint claims that KPMG International should be held vicariously liable for the alleged conduct of KPMG Hong Kong in performing audits for ShengdaTech, but the pleading fails to allege that KPMG International performed, participated in, or supervised the ShengdaTech audit or, indeed, any audit by KPMG Hong Kong. Nor does the Complaint plead facts to show that KPMG International controlled KPMG Hong Kong in connection with the ShengdaTech audits or otherwise.

The Complaint contains bare recitals of the elements of a claim that "KPMG International and KPMG USA were controlling persons of KPMG Hong Kong," (Compl. ¶¶ 122, 200), supported by mere conclusory statements. Unsupported assertions that KPMG International was a "controlling person" or that it "had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of its member firms,

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

including KPMG Hong Kong," (Compl. ¶¶ 122, 200), fail to state a claim. As the Supreme Court made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because the Complaint fails to plead any act, conduct, or statement by KPMG International, the pleading should be dismissed as against KPMG International.

## FACTUAL BACKGROUND[1]

**ShengdaTech**

ShengdaTech is a Nevada corporation with its principal place of business in China. (Compl. ¶ 31.) In March 2006, ShengdaTech was created through a "reverse merger" with an existing U.S. shell company. (Compl. ¶ 33.) ShengdaTech began trading on the NASDAQ in early 2007. (Compl. ¶ 34.)

Plaintiffs invested in ShengdaTech's debt securities (or "Notes") in two private offerings and the secondary market. (Compl. ¶¶ 2, 17-24.) In 2008, the first offering was based on materials that included ShengdaTech's 2007 financial statements, which were audited by Defendant Hansen, Barnett & Maxwell, P.C. (Compl. ¶¶ 29, 35.) In 2010, the second offering was based on materials that included ShengdaTech's 2007, 2008, and 2009 financial statements. (Compl. ¶¶ 36, 37.) KPMG Hong Kong audited ShengdaTech's 2008 and 2009 financial statements. (Compl. ¶ 37.) Holders of the Notes had the option to convert the Notes into shares of ShengdaTech common stock. (Compl. ¶¶ 35, 37.)

On March 15, 2011, ShengdaTech announced that "its board of directors had appointed a Special Committee to investigate 'potentially serious discrepancies and unexplained issues relating to the Company's and its subsidiaries' financial records identified by KPMG [Hong Kong]' in the course of KPMG [Hong Kong]'s examination of the Company's 2010 Financial Statements." (Compl. ¶ 64; *see* Compl. ¶ 26.) Following this announcement, the NASDAQ suspended trading in the Company's shares, and on April 20, 2011, the NASDAQ delisted the

---

[1] For purposes of this Motion, KPMG International assumes, without conceding, the truth of factual allegations in the Complaint.

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

Company's shares. (Compl. ¶¶ 64-65.) On April 19, 2011, KPMG Hong Kong informed the Company that management had not taken timely and appropriate remedial action with respect to the discrepancies and issues it had identified. (Compl. ¶¶ 26, 66.) On April 29, 2011, KPMG Hong Kong resigned as ShengdaTech's auditor and advised that no reliance should be placed on its previously issued reports. (Compl. ¶¶ 26, 66-67.)

**Plaintiffs**

The plaintiffs include at least fifty-three investors or investment managers. Of the eight named plaintiffs, four – Oaktree Capital Management, L.P., Lazard Asset Management LLC, Angelo, Gordon & Co., L.P., and Zazove Associates LLC – bring the action on behalf of certain funds that they manage and on behalf of certain of their clients. (Compl. ¶¶ 17-20.) These plaintiffs state that they have received "valid assignments of claims pertaining to the Notes" from their clients. (Compl. ¶¶ 17-20.) Another three named plaintiffs state that they bring the action on behalf of mutual funds that they manage. (Compl. ¶¶ 21-23.) In their Certificate of Interested Parties Pursuant to Local Rule 7.1-1, dated June 18, 2012, the plaintiffs disclosed forty-five parties that "have an interest in the outcome of this case because they may share in any monetary recovery Plaintiffs obtain."

**KPMG International**

The Complaint does not allege that KPMG International conducted any of the audits in question or issued any report or other statement about ShengdaTech. (*See*, *e.g.*, Compl. ¶¶ 25-28.) As described in the Complaint, KPMG International is a "Swiss entity" that coordinates a network of member firms offering professional services. (Compl. ¶ 25.) Each KPMG member firm is separate and legally distinct. (*See* Compl. ¶¶ 26 (KPMG Hong Kong "is a Hong Kong partnership"), 27 (KPMG USA "is a United States-based audit, tax and advisory services firm").)

The Complaint does not contain a single factual allegation that KPMG International supervised KPMG Hong Kong's audits of ShengdaTech or any of KPMG Hong Kong's audits. Instead, the Complaint simply makes the conclusory allegation that KPMG International "dominated and controlled" KPMG Hong Kong in connection with this firm's audits of

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

ShengdaTech. (*See* Compl. ¶ 28.) Based on this allegation, the Complaint states three claims for secondary liability: under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (Fourth Claim For Relief), the common law doctrine of *respondeat superior* (Seventh Claim For Relief), and Section 36b-29(c) of the Connecticut Uniform Securities Act (Thirteenth Claim For Relief). (Compl. ¶¶ 118-24, 145-49, 196-202.) The federal and state securities claims are supported by nothing other than the naked assertion that "[b]y virtue of the unified international structure of the auditing firm and the relationships among member firms, KPMG International had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of its member firms, including KPMG Hong Kong," (Compl. ¶¶ 122, 200). The *respondeat superior* claim is based on the conclusory assertion that KPMG Hong Kong was an agent of KPMG International in the 2008 and 2009 audits. (*See* Compl. ¶ 148.) The Complaint does not offer a single factual allegation supporting this assertion, nor that the parties consented to any agency relationship.

By defining KPMG International, KPMG Hong Kong, and KPMG USA collectively as "KPMG," the Complaint appears to lump KPMG International together with KPMG Hong Kong and KPMG USA in the headings for five additional claims that allege primary liability. (Compl. ¶¶ 3 (defining "KPMG"), 100-17, 134-44, 169-77, 186-95 (Second, Third, Sixth, Tenth, and Twelfth Claims For Relief).) The Complaint fails to specify any act, conduct, or statement by KPMG International in connection with these claims.

**KPMG Hong Kong**

"KPMG Hong Kong is the entity that signed KPMG's audit reports on the Company's 2008 and 2009 Financial Statements." (Compl. ¶ 26.) KPMG Hong Kong is a Hong Kong partnership and a member of the KPMG network of independent member firms. (*Id.*) The Complaint alleges that KPMG Hong Kong's audit reports on ShengdaTech's 2008 and 2009 financial statements included material misstatements and omissions. (Compl. ¶¶ 26, 37, 41, 42, 61, 62.)

**KPMG USA**

KPMG USA is a United States-based audit, tax, and advisory services firm, and the U.S. member of the KPMG network of independent member firms. (Compl. ¶ 27.) The Complaint contains the conclusory allegation that KPMG USA "supervised the audit work that KPMG Hong Kong performed for ShengdaTech, and had ultimate authority over whether KPMG [Hong Kong]'s audit reports would be included in the SEC filings and offering memoranda of ShengdaTech." (*See id.*) The Complaint also contains the conclusory allegation that KPMG USA "dominated and controlled" KPMG International. (*See* Compl. ¶ 25.) The Complaint does not contain any factual allegations in support of these claims.[2]

**ARGUMENT**

Under Rule 8(a) of the Federal Rules of Civil Procedure, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While well-pleaded factual allegations are assumed to be true, legal conclusions are not. *Id.* Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)); *accord Iqbal*, 556 U.S. at 678.

All of the federal and state vicarious liability claims against KPMG International should be dismissed because the Complaint provides no factual basis to infer that KPMG International "controlled" or "dominated" the ShengdaTech audits or KPMG Hong Kong. (Points I-II, below.) Nor does the Complaint allege any specific, non-conclusory facts as to the existence of an agency relationship between KPMG International and KPMG Hong Kong in connection with the ShengdaTech audits. (Point III.)

---

[2] *See generally* Defendant [KPMG USA's] Memorandum Of Points And Authorities In Support Of Its Motion To Dismiss Plaintiffs' Second, Third, Fourth, Sixth, Seventh, Tenth, Twelfth, And Thirteenth Claims As Against KPMG [USA] Section II, Sept. 4, 2012, ECF No. 65 (the "KPMG USA Memorandum").

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

For the reasons set forth by KPMG Hong Kong in its memorandum of points and authorities in support of its motion to dismiss (the "KPMG Hong Kong Memorandum"), the Complaint should also be dismissed because it does not state a primary violation, which is a necessary precondition for vicarious liability. Further, defining "KPMG" to include KPMG International as well as defendants KPMG Hong Kong and KPMG USA impermissibly circumvents the pleading rules and cannot cure the Complaint's failure to plead any factual basis for liability against KPMG International. (Point IV.) Finally, the Securities Litigation Uniform Standards Act ("SLUSA") bars plaintiffs' non-Nevada state law claims.[3] (Point V.)

**I. <u>The Complaint Fails to State a Claim Under the Exchange Act.</u>**

The Complaint alleges that "KPMG" violated Section 18 of the Exchange Act because KPMG Hong Kong's reports on ShengdaTech's financial statements were false or misleading.[4] (Compl. ¶¶ 26, 102.) The Complaint then alleges that KPMG International should be held liable for this alleged Section 18 violation because it was a controlling person of KPMG Hong Kong under Section 20(a) of the Exchange Act. (Compl. ¶¶ 118-24 (Fourth Claim For Relief).) To state a claim under Section 20(a) of the Exchange Act, a pleading must allege facts showing (1) that "a violator committed a primary violation of the federal securities laws" and (2) "that the defendant had actual power or influence over the violator." *In re CBT Grp. PLC Sec. Litig.*, No. C-98-21014-RMW, 2000 WL 33339615, at *4-5 (N.D. Cal. Dec. 29, 2000); *accord Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). The Complaint fails to

///

///

---

[3] The Complaint brings state law claims under California and Connecticut statutes. (*See* Compl. ¶¶ 169-77, 186-202 (Tenth, Twelfth, and Thirteenth Claims For Relief).) The Complaint does not specify under which state's law the common law negligence claims are brought. (*See* Compl. ¶¶ 134-49 (Sixth & Seventh Claims For Relief).)

[4] The elements of a Section 18 action are "(1) a misrepresentation or omission (2) of a material fact (3) contained in an SEC filing (4) upon which the plaintiff relied in the purchase of a security." *Reese v. Malone*, No. C08-1008MJP, 2009 WL 506820, at *8 (W.D. Wash. Feb. 27, 2009) (quotation omitted).

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

plead both elements of this claim because (1) the Complaint fails adequately to plead a primary violation and (2) the Complaint fails adequately to plead control.[5]

The first element of the Section 20(a) claim is missing here because the Complaint fails to plead a primary violation of federal securities laws for the reasons provided in the KPMG Hong Kong Memorandum. *See Zucco Partners, LLC*, 552 F.3d at 990 (a controlling person claim may be "dismissed summarily" if a primary violation is not adequately pled); *In re Downey Sec. Litig.*, No. CV 08-3261-JFW (RZx), 2009 WL 736802, at *15 (C.D. Cal. Mar. 18, 2009) (section 20(a) claim dismissed where plaintiff failed to state a claim for a primary violation of securities law).

The second element of the Section 20(a) claim is also missing here because the Complaint fails to allege facts to show how KPMG International "had actual power or influence" over KPMG Hong Kong. "[B]are legal conclusions . . . devoid of any factual underpinnings" are simply not enough to state a claim. *Al-Thani v. Wells Fargo & Co.*, No. C 08-1745 CW, 2009 WL 55442, at *9 (N.D. Cal. Jan. 7, 2009). As the Ninth Circuit has found, a finding of control hinges on the defendant's "participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1162 (9th Cir. 1996) (quotation omitted) (finding that neither lender nor CEO/chairman was a controlling person of the alleged primary violator corporation); *Al-Thani*, 2009 WL 55442, at *9. Thus, in *Al-Thani,* it was not enough to baldly allege (1) that an entity controlled another "[b]y virtue of [its] operational and management control" and "systematic involvement in the [underlying] fraudulent scheme," and (2) that the defendant allegedly influenced the "decision making and actions" of the other entity and had

---

[5] As explained in the KPMG Hong Kong Memorandum, Exchange Act violations based on untrue or misleading statements are subject to the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) (2006). The PSLRA provides that "the Complaint must specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and belief," – which is the basis for the Complaint here, (*see* Compl. ¶ 1) – "the complaint shall state with particularity all facts on which that belief is formed." § 78u-4(b)(1)(B).

"direct and supervisory involvement in the operations" of the other entity. 2009 WL 55442, at *9.

In *CBT Group PLC*, the United States District Court for the Northern District of California dismissed a controlling person claim against Ernst & Young International ("EY International"), which coordinates a global network of Ernst & Young member firms.[6] 2000 WL 33339615, at *1. The claim was based on alleged primary violations by the Ernst & Young Irish member firm, Ernst & Young Chartered Accountants. *Id.* at *1. EY International was alleged to be responsible for "coordinating cross-border work" and "developing uniform practice standards," and the auditing work at issue was alleged to have been performed "on a global coordinated basis" by the Irish firm and other member firms of the Ernst & Young network. *Id.* at *5. The court found that the complaint did not permit the inference that EY International had "power to direct . . . day-to-day operation or management" of the member firm and thus held that the allegations were "too indefinite to establish a 'controlling person' relationship . . . ." *Id.* Here, the Complaint has alleged even less against KPMG International than the pleading in *CBT Group PLC* alleged against EY International.

After providing a short description of each of the KPMG entities in the introductory "Parties" section of the Complaint, (Compl. ¶¶ 25-28), the pleading's "Factual Allegations" are as to "KPMG" generally, (*see, e.g.*, Compl. ¶¶ 37, 40-43, 48, 50, 52, 54-55, 57, 59, 61-68). The Complaint does not specifically address KPMG International again until it lists the "Claims For Relief." (Compl. ¶¶ 118-24, 145-49, 196-202 (Fourth, Seventh, and Twelfth Claims for Relief).) In describing KPMG International in the "Parties" section, the Complaint merely states that KPMG International "is a Swiss entity that heads a global network of professional firms" and that "KPMG International and its member and network firms market

---

[6] In *CBT Group PLC*, the controlling person claim was brought under Section 15 of the Securities Act. "Although § 15 is not identical to § 20(a), the controlling person analysis is the same." *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) (en banc); *see also Lilley v. Charren*, 936 F. Supp. 708, 716 (N.D. Cal. 1996) (applying identical analysis for both § 15 and § 20(a) claims).

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

themselves worldwide under the brand name 'KPMG.'" (Compl. ¶ 25.) The Complaint goes on to assert that "KPMG Hong Kong was dominated and controlled by Defendants KPMG International and KPMG USA in connection with its audits of ShengdaTech." (Compl. ¶ 28.) But the Complaint concedes that this is speculation, stating: "[i]nformation regarding the exact relationship among these entities is within the exclusive control of these Defendants and discovery will therefore demonstrate the full extent to which these entities act for and answer for each other." (*Id.*) It is well established that the hope that discovery will provide a factual basis lacking from the Complaint (a classic "fishing expedition") cannot defeat a motion to dismiss a complaint alleging federal securities violations. As the Ninth Circuit found in *Medhekar v. United States District Court for the Northern District of California*, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." 99 F.3d 325, 328 (9th Cir. 1996); *see also SG Cowen Sec. Corp. v. U.S. Dist. Court for the N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999) (vacating a grant to a request for discovery to gather facts to satisfy pleading standards in a securities action because such discovery would contravene congressional intent).

The Complaint's vague and conclusory allegations – which are even more meager than the deficient allegations in *CBT Group PLC* – fall far short of what is required. There is no allegation about any specific action taken by KPMG International with respect to the relevant audits (or any audits) that would support a claim of "control." In fact, the Complaint does not contain a single factual allegation showing that KPMG International participated in the "day-to-day affairs" of KPMG Hong Kong.

The Complaint cannot be saved by rehashing the same vague and conclusory assertions in the "Claims For Relief" section of the Complaint. Alleging that KPMG International, KPMG Hong Kong, and KPMG USA are part of a "unified international structure" and that by way of "the relationships among member firms" KPMG International "had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of its member firms, including KPMG Hong Kong," (Compl. ¶ 122), is insufficient because the

Complaint fails to plead what power or decision-making ability KPMG International held over the day-to-day affairs of the member firms. In other words, there is no fact alleged to show *how* KPMG International "had the power to influence and control, and did influence and control," (*id.*), KPMG Hong Kong's decisions.

With only "bare legal conclusions" without any "factual underpinnings," the Section 20(a) claim, at best, amounts to nothing more than a "formulaic recitation" of the required elements, which is "not entitled to be assumed true." *See Iqbal*, 556 U.S. at 680-81; *Al-Thani*, 2009 WL 55442, at *9. Accordingly, the Section 20(a) claim fails as a matter of law.[7]

**II. <u>The Complaint Fails to State a Claim for Controlling Person Liability under the Connecticut Uniform Securities Act.</u>**

Connecticut has adopted the Uniform Securities Act. *Conn. Nat'l Bank v. Giacomi*, 659 A.2d 1166, 1173 (Conn. 1995). As the Ninth Circuit has found, "there is no reason to infer that 'controlling person' has a different meaning in [state securities law] than in federal law." *Burgess v. Premier Corp.*, 727 F.2d 826, 833 (9th Cir. 1984) (analyzing controlling person section of Washington securities law, which is substantially similar to Connecticut's law (*compare* Conn. Gen. Stat. § 36b-29(c) (2010), *with* Wash. Rev. Code § 21.20.430(3) (2011)), both of which are based on the model Uniform Securities Act); *see also Tumelson Family Ltd. P'ship v. World Fin. News Network*, 242 F. App'x 385, 387 (9th Cir. 2007) (noting that the Washington Supreme Court has applied federal precedent in interpreting state securities law); *Giacomi*, 659 A.2d at 1176 (looking to "precedent from other states that have adopted these relevant provisions of the Uniform Act"). In *Burgess*, for example, the Ninth Circuit held that "[s]ince [defendants] were not controlling persons under the federal definition, they could not properly be liable under Washington law." *Burgess*, 727 F.2d at 833. Thus, the sufficiency of the Section 36b-29(c) allegations should be evaluated against the same legal standard applicable to the Section 20(a) federal claim. *See id.*; *cf. Farlander v. Mitchell*,

[7] For the reasons provided in the KPMG Hong Kong Memorandum, if the Court dismisses the claims brought under the Exchange Act, the Court lacks subject-matter jurisdiction and should decline supplemental jurisdiction over the plaintiffs' state law claims.

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

FSTCV040200884S, 2007 WL 2080612, at *3, 6 (Conn. Super. Ct. May 10, 2007) (denying controlling person claim because corporate veil had not been pierced, which requires "such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal").[8]

The allegations in support of the Connecticut Uniform Securities Act controlling person claim are the same conclusory assertions made in connection with the Section 20(a) claim. (*Compare* Compl. ¶ 122, *with* ¶ 200.) The Complaint offers no fact that would allow a plausible inference that KPMG International controlled KPMG Hong Kong, much less that KPMG International played any role in the ShengdaTech audits. Indeed, the Complaint does not allege a single act that KPMG International performed in connection with the ShengdaTech audits. Accordingly, for the reasons discussed in Point I, above, the claim fails as a matter of law.

## III. <u>The Complaint Fails to State a Claim Under the Doctrine of *Respondeat Superior*.</u>

The Complaint's Sixth Claim For Relief is brought against "KPMG" for negligent misrepresentation "under common law principles of negligence,"[9] (Compl. ¶ 135), as though KPMG International were somehow liable for KPMG Hong Kong's 2008 and 2009 ShengdaTech audits and reports. This primary liability claim fails for the reasons set forth in the KPMG Hong Kong Memorandum.

Failure to plead primary liability means that the Complaint's Seventh Claim For Relief, charging KPMG International with negligent misrepresentation under the doctrine of *respondeat superior*, also fails. *See* Restatement (Third) of Agency § 7.03 cmt. b (2006) (A "principal's vicarious liability turns on whether the agent is liable."); *see also Crawford v.*

---

[8] As a threshold matter, as with the Exchange Act claim, the plaintiffs' failure to plead a primary violation, (*see* KPMG Hong Kong Memorandum), requires dismissal of the Connecticut controlling person claim. *See* Conn. Gen. Stat. § 36b-29(c).

[9] The Complaint does not allege under which state's law this claim is brought.

*Signet Bank*, 179 F.3d 926, 929 (D.C. Cir. 1999) ("In the absence of agent liability . . . none can attach to the principal.").

The *respondeat superior* claim also fails for an additional, independent reason: failure to plead the elements of an agency relationship. As the Complaint acknowledges, a *respondeat superior* claim requires establishment of an agency relationship. *See* Restatement (Third) of Agency § 2.04 cmt. b (2006) (*respondeat superior* is "[v]iewed as a doctrine within the law of agency"); Compl. ¶¶ 148-49 (alleging that KPMG Hong Kong "was an agent of . . . KPMG International" and that "KPMG International . . . [is] responsible for the actions and liabilities of [its] agent, KPMG Hong Kong").

Two essential elements of a common law agency relationship are control and consent.[10] As comment c to Section 1.01 of Restatement (Third) of Agency explains, "A relationship is not one of agency within the common-law definition unless the agent consents to act on behalf of the principal, and the principal has the right throughout the duration of the relationship to control the agent's acts." *See also Meyer v. Holley*, 537 U.S. 280, 286, 291 (2003) (quotation omitted) (under traditional agency principles, control alone is insufficient to establish a principal-agent relationship; manifestation of consent by both parties is also required); *Batzel v.*

---

[10] Whether Nevada, Connecticut, or California law is considered, control and consent are required:

(1) Control. *See, e.g.*, *Grand Hotel Gift Shop v. Granite State Ins. Co.*, 839 P.2d 599, 602 (Nev. 1992) ("An agency relationship is formed when one who hires another retains a contractual right to control the other's manner of performance."); *Wesley v. Schaller Subaru, Inc.*, 893 A.2d 389, 400 (Conn. 2006) (an essential factor in proving agency is "an understanding between the parties that the principal will be in control of the undertaking"); *Edwards v. Freeman*, 212 P.2d 883, 884 (Cal. 1949) ("In the absence of the essential characteristic of the right of control, there is no true agency . . . .").

(2) Consent to the agency relationship. *See, e.g.*, *Grand Hotel Gift Shop*, 839 P.2d at 602 (finding "no agreement or other manifestation of consent from which to find a principal-agent relationship"); *Nat'l Pub. Co. v. Hartford Fire Ins. Co.*, 949 A.2d 1203, 1212-13 (Conn. 2008) (agency requires "manifestation by the principal that the agent will act for him" and "acceptance by the agent of the undertaking" (quotation omitted)); *Edwards*, 212 P.2d at 884 (agency relationship results from manifestation of consent).

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

*Smith*, 333 F.3d 1018, 1035-36 (9th Cir. 2003) (no agency where "practical control" not shown).

Here, the Complaint fails to plead both elements – control and consent. First, the Complaint is completely devoid of anything that would amount to a claim that KPMG Hong Kong – a Hong Kong partnership – consented to any control by KPMG International – a Swiss cooperative – in the ShengdaTech audits. (*See* Compl. ¶¶ 26, 28, 145-49.) Second, as demonstrated in Point I, above, the Complaint fails to plead control. The "bare assertions" that, in performing the 2008 and 2009 ShengdaTech audits, KPMG Hong Kong was "dominated and controlled" by KPMG International, "was an agent" of KPMG International, and issued its audit opinions at the "behest" of KPMG International are insufficient as a matter of law. (*See* Compl. ¶¶ 28, 148.) *See Iqbal*, 556 U.S. at 680-81. The Complaint does not contain a single factual allegation explaining *how* KPMG International controlled KPMG Hong Kong in these audits or otherwise. Indeed, the Complaint does not allege a single act that KPMG International performed in connection with the performance or supervision of the ShengdaTech audits. Accordingly, the Complaint has not adequately alleged control, and the *respondeat superior* claim fails as a matter of law. *See, e.g.*, *Star Energy Corp. v. RSM Top-Audit*, No. 08 Civ. 00329(DC), 2008 WL 5110919, at *3, 5 (S.D.N.Y. Nov. 26, 2008) (granting motion to dismiss filed by coordinating entity of international network of accounting firms because complaint failed to allege that the entity had control over the audits performed by the member firm, which is the "central element necessary to sustain a claim of vicarious liability"); *Nuevo Mundo Holdings v. PriceWaterhouse Coopers LLP*, No. 03 Civ.0613 GBD, 2004 WL 112948, at *3 (S.D.N.Y. Jan. 22, 2004) (dismissing complaint after finding no agency relationship between U.S. and Peruvian accounting firms); *In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152, 173 (D. Mass. 2002) (holding that allegations in complaint did not adequately support assertion that the member firms "had actual authority to act as KPMG International's agents").

The Complaint "may not rest on legal conclusions regarding agency that are cast as factual allegations." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011)

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

(citing *Iqbal*, 556 U.S. at 677-79). Accordingly, without any factual allegations to support the existence of an agency relationship between KPMG International and KPMG Hong Kong, the *respondeat superior* claim cannot stand.[11] *See Larson v. Liberty Mut. Fire Ins. Co.*, Civil No. 11-00272 SOM/BMK, 2011 WL 3512025, at *5 (D. Haw. Aug. 11, 2011) (where no facts are alleged supporting an agency relationship, conclusory allegations are insufficient to defeat a motion to dismiss).

## IV. The Complaint Fails to State a Claim for Primary Liability Against KPMG International.

In addition to the secondary liability claims discussed above, the Complaint purports to bring five primary liability claims against KPMG International. (Compl. ¶¶ 3, 100-08, 109-17, 134-44, 169-77, 186-95 (Second, Third, Sixth, Tenth, and Twelfth Claims For Relief).) These claims are not properly pleaded. Instead, the Complaint defines "KPMG" to include three separate defendants – KPMG Hong Kong, KPMG USA, and KPMG International – and then proceeds to refer generally to "KPMG" throughout the Complaint without making any attempt to break out KPMG International with respect to any particular allegation. (*See* Compl. ¶¶ 37, 40-43, 48, 50, 52, 54-55, 57, 59, 61-68.) Such a pleading is defective and cannot meet fundamental pleading requirements under Federal Rule of Civil Procedure 8(a).

As Judge George has found, a complaint's "broad and vague allegations as to all defendants fail[] to provide fair notice to each defendant of the claim for relief pled against the defendant." *Tate v. Univ. Med. Ctr. of S. Nev.*, No. 2:09-cv-1748-LDG (RJJ), 2010 WL 3829221, at *2-3 (D. Nev. Sept. 24, 2010) (allegations against defendants collectively failed under Rule 8); *see also Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *4-5 (N.D. Cal. May 5, 2011) (dismissing claims where plaintiff failed to "indicate which defendant was allegedly responsible for which wrongful act"); *In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (same). KPMG International

[11] *See also* KPMG USA Memorandum.

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

"should not be required to guess which allegations pertain to it." *Corazon*, 2011 WL 1740099, at *4.

In *Tate*, for example, this Court considered numerous causes of action brought by a doctor against, collectively, the medical center that formerly employed him, the trustees and staff of the medical center, and certain individual doctors. 2010 WL 3829221, at *3. The Court dismissed the plaintiff's claims as inadequately pled because, in order to provide fair notice, the complaint must specify "who is alleged to have done what to whom . . . ." *Id.* at *3 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). The Court found such collective pleading particularly problematic where the context indicated that the alleged conduct or obligations could not have been common to all defendants. *Id.* at *4.

Here, the Complaint does not even attempt to specify what KPMG International did in connection with the ShengdaTech audits. As in *Tate*, the Complaint brings "broad and vague allegations" collectively as to KPMG Hong Kong, KPMG USA, and KPMG International and thereby fails to satisfy any standard of notice. *See Tate*, 2010 WL 3829221, at *2. The Complaint's "failure to allege any individual act" of KPMG International is fatal, especially here, where allegations in the Complaint belie any suggestion that KPMG International had any involvement in any ShengdaTech audit. *See id.* at *2-4. The Complaint affirmatively pleads that KPMG Hong Kong – not KPMG International – issued the audit reports. (Compl. ¶ 26.) And nowhere does the Complaint claim that KPMG International performed a single act in relation to those audits. Because this plainly inadequate pleading does not provide fair, or any, notice to KPMG International as to what it is alleged to have done, all primary liability claims in the Complaint fail as a matter of law.

Finally, the allegation that "KPMG International and its member and network firms market themselves worldwide under the brand name 'KPMG,'" (Compl. ¶ 25), fails to provide a basis to ignore separate legal identities, especially where the Complaint admits the distinct nature of each of the KPMG entities: KPMG International "is a Swiss entity," (Compl. ¶ 25), KPMG Hong Kong is a "Hong Kong partnership," (Compl. ¶ 26), and KPMG USA is a "United States-based audit, tax and advisory services firm," (Compl. ¶ 27). Courts have

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

rejected the notion that networks of accounting firms using a common brand name should be treated as a single entity. *See*, *e.g.*, *Nuevo Mundo Holdings*, 2004 WL 112948, at *3 ("Member firms in an international accounting association are not part of a single firm and are neither agents nor partners of other member firms simply by virtue of using the same brand name."); *In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. at 171 ("[N]either the facts of this case nor the relevant caselaw lends credence to Plaintiffs' 'single firm' theory."); *In re AM Int'l, Inc. Sec. Litig.*, 606 F. Supp. 600, 607 (S.D.N.Y. 1985) (rejecting claims against Price Waterhouse firms that were based on the argument that "all the Price Waterhouse firms world-wide are in fact one entity, and acted as agents of one another").[12] Accordingly, where the Complaint fails to plead any factual allegation specific to KPMG International, the claims against KPMG International should be dismissed.

**V. <u>SLUSA Precludes Non-Nevada State Law Claims.</u>**

SLUSA bars a "covered class action based upon the statutory or common law of any State . . . by any private party" alleging (A) a misrepresentation or omission of a material fact, or (B) any manipulative or deceptive device or contrivance, in connection with the purchase or sale of a covered security. 15 U.S.C. § 78bb(f)(1) (2006). For the reasons provided in the KPMG Hong Kong Memorandum, SLUSA preempts the Complaint's Tenth, Twelfth, and Thirteenth Claims For Relief, which are brought under California and Connecticut statutes, as well as the Sixth and Seventh Claims For Relief to the extent these claims are brought under the common law of a state other than Nevada.[13]

---

[12] Similarly, the Complaint alleges no basis to claim that KPMG International was the alter ego of KPMG USA or KPMG Hong Kong. *See*, *e.g.*, *Nuevo Mundo Holdings*, 2004 WL 112948, at *7 (dismissing alter ego claims against international coordinating entity where complaint was devoid of factual allegations supporting a finding of alter ego other than "conclusory allegations of control"); *see also* KPMG USA Memorandum Section IV.

[13] SLUSA preserves actions "based upon the statutory or common law of the State in which the issuer is incorporated . . . ." 15 U.S.C. § 78bb(f)(3)(A)(i). The Complaint alleges that "ShengdaTech is a Nevada corporation." (Compl. ¶ 31.) The Complaint does not allege under which state's law the common law claims are brought. (*See* Compl. ¶¶ 134-49 (Sixth and Seventh Claims For Relief).)

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**CONCLUSION**

For the foregoing reasons, all claims against KPMG International should be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 5th day of September, 2012.

*/s/ Andrew P. Gordon*
Andrew P. Gordon (# 3421)
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
agordon@mcdonaldcarano.com

William R. Maguire (*admitted pro hac vice*)
Kenneth M. Katz (*admitted pro hac vice*)
Yoshinori M. Sasao (*admitted pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
maguire@hugheshubbard.com
katzk@hugheshubbard.com
sasao@hugheshubbard.com

*Attorneys for Defendant*
*KPMG International Cooperative*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am employee of McDonald Carano Wilson LLP, and that on this 5th day of September, 2012, I caused a true and correct copy of the foregoing **KPMG INTERNATIONAL COOPERATIVE'S MOTION TO DISMISS THE COMPLAINT** to be served via U.S. Mail and/or the U.S. District Court's Notice of Electronic Filing in the above-captioned case upon the following:

| | | |
|---|---|---|
| *Attorneys for Plaintiffs* | Stuart M. Grant<br>Megan D. McIntyre<br>Christine M. Mackintosh<br>Grant & Eisenhofer P.A.<br>123 Justison Street<br>Wilmington, DE 19801<br>sgrant@gelaw.com<br>mmcintyre@gelaw.com<br>cmackintosh@gelaw.com | Gary R. Goodheart<br>Fennemore Craig Jones Vargas<br>300 S. 4th Street, Suite 1400<br>Las Vegas, NV 89101<br>ggoodhea@fclaw.com |
| *Attorneys for Defendant KPMG* | Edward S. Kim<br>Craig A. Taggart<br>Bingham McCutchen LLP<br>600 Anton Blvd., Suite 1800<br>Costa Mesa, CA 92626-7653<br>edward.kim@bingham.com<br>craig.taggart@bingham.com | J. Colby Williams<br>Campbell & Williams<br>700 S. 7th Street<br>Las Vegas, NV 89101<br>jcw@campbellandwilliams.com |
| | Geoffrey F. Aronow<br>Bingham McCutchen LLP<br>2020 K Street NW<br>Washington, DC 20006-1806<br>geoffrey.aronow@bingham.com | |
| *Attorneys for Defendant Hansen, Barnett & Maxwell, P.C.* | Michael D. Stanger<br>Callister Nebeker & McCullough<br>Zions Bank Building<br>10 East South Temple, Suite 900<br>Salt Lake City, UT 84133<br>mstanger@cnmlaw.com | John P. Aldrich<br>Aldrich Law Firm, Ltd.<br>1601 S. Rainbow Blvd., Suite 160<br>Las Vegas, NV 89146<br>jaldrich@johnaldrichlawfirm.com |

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

| | | |
|---|---|---|
| *Attorneys for Defendant Morgan Stanley & Co.* | Randall W. Bodner<br>John P. Bueker<br>Ropes & Gray LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>randall.bodner@ropesgray.com<br>john.bueker@ropesgray.com | Mark G. Krum<br>Matthew W. Park<br>Lewis and Roca LLP<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, NV 89169<br>mkrum@lrlaw.com<br>mpark@lrlaw.com |
| | Lucy C. Hynes<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street, NW, Suite 900<br>Washington, DC 20005-3948<br>lucy.hynes@ropesgray.com | |

I further certify that on this 5th day of September, 2012, I caused a true and correct copy of the foregoing to be served via U.S. Mail upon the following:

| | | |
|---|---|---|
| *Attorneys for Defendant KPMG LLP* | George A. Salter *(Pro Hac Vice Application Forthcoming)*<br>Peter J. Dennin *(Pro Hac Vice Application Forthcoming)*<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, NY 10022<br>george.salter@hoganlovells.com<br>peter.dennin@hoganlovells.com | John H. Cotton, Esq.<br>Cotton, Driggs, Walch, Holley, Woloson & Thompson<br>400 S. Fourth Street, Third Floor<br>Las Vegas, NV 89101<br>jcotton@cdwnvlaw.com |

*/s/ Cathy Stuchell*
An Employee of McDonald Carano Wilson LLP

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966