1

Mark G. Krum
Nevada Bar #10913
mkrum@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
+1 702 949 8217
+1 702 216 6234

2

3

4

5

6

Randall W. Bodner (*Admitted Pro Hac Vice*)
John P. Bueker (*Admitted Pro Hac Vice*)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts 02199-3600
+1 617 951 7000
+1 617 951 7050

7

8

9

10

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

11

12

OAKTREE CAPITAL MANAGEMENT, L.P.,
on behalf of its managed funds and accounts,
LAZARD ASSET MANAGEMENT LLC, on
behalf of its managed funds and accounts,
ANGELO, GORDON & CO., L.P., ZAZOVE
ASSOCIATES LLC, on behalf of certain of its
managed funds and accounts, CNH PARTNERS,
LLC, ADVENT CAPITAL MANAGEMENT,
LLC, AQR CAPITAL MANAGEMENT, LLC,
HFR CA LAZARD RATHMORE MASTER
TRUST, and DELAWARE PUBLIC
EMPLOYEES' RETIREMENT SYSTEM

13

14

15

16

17

18

Plaintiffs,

19

v.

20

KPMG, KPMG INTERNATIONAL
COOPERATIVE, KPMG LLP, HANSEN,
BARNETT & MAXWELL, P.C., and MORGAN
STANLEY & CO.,

21

22

23

Defendants.

24

Case No. 2:12-cv-00956-JCM-(GWF)

**JOINT MOTION FOR, AND POINTS
AND AUTHORITIES IN SUPPORT
OF, THE FINDING OF A GOOD
FAITH SETTLEMENT, ENTRY OF A
CONTRIBUTION BAR ORDER AND
FINAL JUDGMENT PURSUANT TO
RULE 54(b) AS TO MORGAN
STANLEY**

25

26

27

28

Plaintiffs Oaktree Capital Management, L.P., Lazard Asset Management LLC, Angelo, Gordon & Co., L.P., Zazove Associates, LLC, Advent Capital Management, LLC, HFR CA Lazard Rathmore Master Trust, and Delaware Public Employees' Retirement System (collectively "Plaintiffs") and Defendant Morgan Stanley & Co. LLC ("Morgan Stanley"), on its own behalf and on behalf of all underwriters participating in ShengdaTech, Inc.'s ("ShengdaTech") December 2010 issuance of 6.5% notes in a private, unregistered debt offering (the "Offering") (collectively, the "Underwriters"), hereby jointly move this Court for an Order (i) entering a finding that the Stipulation and Agreement of Settlement ("Settlement Agreement") between the Plaintiffs and the Underwriters in the action captioned *Oaktree Capital Management, L.P. v. KPMG*, Civ. Act. No. 2:12-cv-00956-JCM(GWF) (the "Action") was entered into in good faith pursuant to N.R.S. 17.245; (ii) entering a Contribution Bar (as defined below); (iii) dismissing Plaintiffs' claims against Morgan Stanley on the merits with prejudice; and (iv) entering a final judgment as to Morgan Stanley pursuant to Fed. R. Civ. P. 54(b).  A Proposed Order is attached hereto as Exhibit A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

On June 6, 2012, Oaktree Capital Management, L.P.; Lazard Asset Management LLC; Angelo, Gordon & Co. L.P.; Zazove Associates, LLC; CNH Partners, LLC; Advent Capital Management, LLC; AQR Capital Management, LLC; and HFR CA Lazard Rathmore Master Trust filed an action in this Court alleging violations of state and federal securities laws by Morgan Stanley; KPMG, a Hong Kong Partnership; KPMG International Cooperative; KPMG LLP; and Hansen, Barnett & Maxwell P.C. (collectively, the "Defendants"), captioned *Oaktree Capital Management, L.P. v. KPMG*, Civ. Act. No. 2:12-cv-00956-JCM(GWF) (the "Oaktree Complaint").  Also on June 6, 2012, the Delaware Public Employees' Retirement System filed a separate action against the Defendants in this Court alleging similar facts and allegations as the Oaktree Complaint, captioned *Delaware Public Employees' Retirement System v. KPMG*, Civ. Act. No. 2:12-cv-00961-JCM(GWF) (together with the Oaktree Complaint, "the Complaints").

1    Each of the Defendants separately moved to dismiss the Complaints, but on November 13,

2    2012, before the parties had completed their briefing on the Defendants' motions to dismiss the

3    Complaints, Plaintiffs filed a stipulation with the Court to consolidate the two cases.  The Court

4    granted this request and on November 21, 2012, Plaintiffs filed a Consolidated Amended

5    Complaint (the "CAC") against the Defendants in this Action.[1]  The CAC generally alleges,

6    among other things, that Morgan Stanley made common law negligent misrepresentations and

7    violated California Corporations Code §§ 25401 and 25501 in connection with the Offering.

8    While Plaintiffs asserted claims under the federal securities laws against other Defendants in the

9    Action, Plaintiffs' claims against Morgan Stanley in the CAC were solely pursuant to state law.

10    On January 7, 2013, the Defendants separately moved to dismiss the CAC, Plaintiffs

11    jointly filed an opposition brief on February 21, 2013, and the Defendants separately filed reply

12    briefs on March 25, 2013.  On August 5, 2013, this Court dismissed the CAC without prejudice.

13    Plaintiffs' claims against Morgan Stanley were dismissed, in part, based on a finding that

14    Plaintiffs lacked standing to pursue claims on behalf of certain investment funds that Plaintiffs

15    managed.  The remainder of Plaintiffs' claims against Morgan Stanley were dismissed because

16    the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims after

17    dismissing Plaintiffs' federal claims against other Defendants.

18    The Court's order dismissing the CAC provides that Plaintiffs may request leave to file an

19    amended complaint within forty-five (45) days after the date of the order (*i.e.*, by September 19,

20    2013).  Plaintiffs' counsel have informed Morgan Stanley's counsel that Plaintiffs intend to

21    request leave to file an amended complaint that cures the deficiencies noted in the Court's

22    dismissal order.

23    In lieu of continued litigation between them, Plaintiffs, on their behalf and on behalf of the

24    funds they manage (the "Managed Funds," as the term is defined in the Stipulation and

25    Agreement of Settlement), and Morgan Stanley, on own its behalf and on behalf of all the

---

[1] Two Plaintiffs, CNH Partners, LLC and AQR Capital Management, LLC, are not alleging claims against Morgan Stanley in the CAC and therefore are not parties to the Settlement Agreement.

Underwriters in the Offering, have agreed to resolve and settle the claims between them in the Action on the terms and subject to the conditions set forth in the Settlement Agreement, attached hereto as Exhibit B (the "Settlement").

## II.     THE PROPOSED SETTLEMENT

Plaintiffs and Morgan Stanley have separately and independently determined, after an assessment of the risks of litigation and the possible outcomes in this Action, and after consultation with competent counsel, that it is in each of their interests to settle this Action and all related claims.  Under the terms of the Settlement, Morgan Stanley has agreed to pay Plaintiffs $5,000,000 (the "Settlement Amount") and to release any and all claims that could be asserted against Plaintiffs in connection with the Action or the facts alleged in the Action (the "Underwriters' Released Claims"), as set forth in greater detail in the Settlement Agreement.

In exchange, Plaintiffs have agreed to release Morgan Stanley and the other Underwriters from any and all claims that Plaintiffs have asserted or could have asserted against Morgan Stanley and the Underwriters arising out of or related to the Offering, and any and all claims against Morgan Stanley arising out of or related to the facts alleged in the Action (collectively with the Underwriters' Released Claims, the "Released Claims"), also as set forth in greater detail in the Settlement Agreement.

In addition, as a part of their Settlement, the Parties agreed to seek a Contribution Bar Order as contemplated by N.R.S. 17.245.

## III.    LEGAL ARGUMENT

### A.     The Settlement Agreement Between Plaintiffs and Morgan Stanley Has Been Made in Good Faith

To effectively, finally, and forever settle this Action and all related claims, Plaintiffs and Morgan Stanley, on its own behalf and on behalf of the Underwriters, jointly request that the Court approve their settlement as being in good faith pursuant to N.R.S. 17.245.  N.R.S. 17.245 provides:

When a release or a covenant not to sue or not to enforce judgment is given in <u>good faith to one of two or more persons liable in tort for the same injury or the same wrongful death</u>:

(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

(b) <u>It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.</u>

Nev. Rev. Stat. § 17.245 (emphasis added).

In determining whether a settlement is made in good faith, the Court must look to the policy behind N.R.S. 17.245. N.R.S. 17.245 was enacted to encourage settlement by discharging all liability for contribution by a settling tortfeasor. *See In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 926 (D. Nev. 1983) (holding that settlement was reasonable and in good faith). A determination that a settlement is in good faith precludes the non-settling tortfeasors from later seeking contribution or equitable indemnification from the settling tortfeasor. *See* Nev. Rev. Stat. § 17.245; *In re MGM*, 570 F. Supp. at 927; *Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 562 (Nev. 1991) (affirming trial court's approval of settlement as in good faith). The determination of whether a settlement agreement was entered into in good faith is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Velsicol*, 811 P.2d at 561.

Although Nevada Courts have held that there are no exclusive criteria that the Court must consider in determining whether a settlement is entered in good faith, relevant factors the Court may consider include:

1.  The amount paid in settlement;

2.  The allocation of the settlement proceeds among the plaintiffs;

3.  The insurance policy limits of the settling defendants;

4.    The financial condition of settling defendants; and

5.    The existence of collusion, fraud, or tortious conduct aimed  to injure the interests of non-settling defendants.

*See id.* at 563-564 (citing *In re MGM*, 570 F. Supp. at 927) (noting that the party challenging the settlement "failed to show that the settlement amount agreed to by [the settling defendant] is disproportionately lower than [its] fair share of damages").

As discussed below, the Settlement Amount fully satisfies all of the considerations discussed in *Velsicol* and *In re MGM*.  Accordingly, the Court should find that the Settlement is fair, reasonable, and has been made in good faith.

### 1.    The Amount Paid In Settlement

The Settlement Amount agreed upon between Plaintiffs and Morgan Stanley is fair and reasonable.  As an initial matter, Morgan Stanley has agreed to pay Plaintiffs a sum of $5,000,000 in full and final satisfaction of the Released Claims as a result of vigorous and protracted arm's length negotiations.  This is a substantial sum of money to recover in a litigation of this kind, and takes into account the uncertainty and expense of further litigation, including a potential risk at trial, which would be lengthy and costly regardless of the merits of Plaintiffs' claims or Morgan Stanley's defenses.

Plaintiffs have alleged that Morgan Stanley made common law negligent misrepresentations and violated California Corporations Code §§ 25401 and 25501 in connection with the Offering.  Morgan Stanley moved to dismiss these claims and the Court granted its motion without prejudice, holding among other things that (i) certain Plaintiffs lacked standing to bring their claims, and (ii) all Plaintiffs failed to state a claim for relief under a federal cause of action against the other Defendants, and therefore declining to exercise supplemental jurisdiction over the state law claims alleged against Morgan Stanley, as well as the other Defendants.  *See* Order Granting Motion to Dismiss at 17-18, 36-37, *Oaktree Capital Management, L.P. v. KPMG*, Civ. Act. No. 2:12-cv-00956-JCM(GWF) (filed Aug. 5, 2013).  This dismissal, while not extinguishing Morgan Stanley's potential liability in connection with the Offering, has injected uncertainty into the case.  The Court's order expressly permitted Plaintiffs to request leave to

1  amend their complaint, and Plaintiffs have informed Morgan Stanley that, absent a settlement,

2  they intend to do so.

3                    **2.        The Allocation of Settlement Proceeds Among the Plaintiffs**

4          This factor also fully supports approval of this Settlement as having been made in good

5  faith.   In this Action, all Plaintiffs share the same Nevada counsel; all but one Plaintiff is

6  represented by the same out-of-state counsel, Grant & Eisenhofer P.A., and the other Plaintiff,

7  Delaware Public Employees' Retirement System, has worked closely with Grant & Eisenhofer in

8  negotiating the Settlement Agreement.   So, all Plaintiffs' interests have been represented in the

9  settlement negotiations and will continue to be represented in connection with the allocation of

10  the settlement proceeds.   In addition, the CAC specifically alleges the amount of ShengdaTech

11  notes that each Plaintiff purchased in the Offering, such that there is a readily available and

12  objectively reasonable means of allocating the settlement proceeds among the Plaintiffs.   This is

13  not a case where there are concerns about Plaintiff's who have suffered disparate harms.

14                    **3.        The Insurance Policy Limits of the Settling Defendants**

15          Morgan Stanley does not have any insurance available to fund this Settlement.   Despite

16  the fact that this Court has dismissed without prejudice Plaintiffs' claims against Morgan Stanley,

17  Plaintiffs have indicated that they will seek leave to amend their complaint.   Morgan Stanley is, as

18  an initial matter, paying the considerable sum of $5,000,000 out of its own pocket in order to

19  bring closure to this matter.   The lack of available insurance proceeds, particularly given the

20  current posture of this case, is yet another factor in support of finding that the Settlement

21  Agreement was made in good faith.

22                    **4.        The Financial Condition of the Settling Defendants**

23          Along with the other Underwriters, Morgan Stanley is obviously a large and well-known

24  financial institution.   However, in the public and private offerings of securities in which it

25  participates, it earns an underwriting fee from the company issuing the securities.   Here, the

26  Settlement Amount represents *nearly all* of the proceeds that Morgan Stanley earned in the

27  Offering, which is yet another factor demonstrating the fair and reasonable nature of the

28  Settlement Agreement.

5.      **The Existence of Collusion, Fraud, or Tortious Conduct**

Finally, there has been no collusion or fraud involved in this Settlement, and certainly no intent to injure any non-settling Defendants, all of whom have also been dismissed from this case on the basis of the Court's recent Order and none of whom have asserted any contribution or indemnity claims against Morgan Stanley or the Underwriters. *See In re MGM*, 570 F. Supp. at 928 ("Any negotiated settlement involves cooperation, but not necessarily collusion.  It becomes collusive when it is aimed to injure the interests of an absent tortfeasor.") (internal quotation omitted).  This negotiation was entered into at arm's length, among sophisticated counsel with significant experience in representing parties in these kinds of matters.  The extensive discussions among the parties and the multiple demands and counteroffers that were exchanged led to a Settlement Amount that all Settling Parties agree is fair and reasonable.   The presence of extensive arm's length negotiations has been considered a critical fact in determining whether a settlement agreement is reached in good faith.  *See id.* (holding that a settlement was entered in good faith in view of the "extensive arms-length negotiations" between the plaintiffs and the settling defendants, and that the settlement, thus, "bar[red] any non-settling defendant from a claim of contribution against [the settling defendant] pursuant to N.R.S. 17.245").  In turn, the circumstances under which Plaintiffs and Morgan Stanley negotiated this Settlement Agreement further support its good faith nature.

*        *        *

Based on the foregoing considerations and the entire record before the Court, Plaintiffs and Morgan Stanley, on its own behalf and on behalf of the Underwriters, jointly request that the Court approve the Settlement Agreement as being in good faith pursuant to N.R.S. 17.245 and, pursuant to the Settlement Agreement, dismiss with prejudice Plaintiffs' claims against Morgan Stanley.

In connection with the Court's approval of the Settlement Agreement as being made in good faith, the Plaintiffs and Morgan Stanley further request that the Court enter an order that Morgan Stanley and the other Underwriters are discharged from all claims for contribution and for equitable indemnity to any person or entity, including other Defendants named in this Action,

whether arising under state, federal or common law, based upon, arising from, relating to or in connection with the Released Claims, as further defined in the Settlement Agreement (the "Contribution Bar Order").  The proposed Contribution Bar Order is in accordance with N.R.S. 17.245, which provides that "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death . . . [i]t discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

### B.      A Rule 54(b) Judgment Is Warranted

Plaintiffs and Morgan Stanley also request that the Court certify as a final judgment, pursuant to Fed. R. Civ. P. 54(b), its order dismissing Plaintiffs' claims against Morgan Stanley and entering the Contribution Bar Order.  Federal Rule of Civil Procedure 54(b) states:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**  <u>When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.</u>  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all claims and all the parties rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).  Here, there is no just reason for delaying the entry of a final judgment with respect to Plaintiffs' claims against Morgan Stanley.  The Settling Parties have finally resolved all of these claims by agreement.  If any other party to the Action believes the settlement was not entered in good faith, the party should so state now.  The interest of promoting settlements will be furthered by the entry of a final judgment as to Plaintiffs' claims against Morgan Stanley.

Precedent exists for the entry of a final judgment with respect to Morgan Stanley in these circumstances.  In *Velsicol*, for example, the settling defendant sought and was granted a final judgment under Nev. R. Civ. P. 54(b).  *See* 811 P.2d at 562.  A non-settling defendant appealed

from the court's orders.  While not specifically addressed by the Nevada Supreme Court, the Court implicitly concluded that the Rule 54(b) certification was appropriate by reaching the merits of the appeal.

Here, once the Court approves the settlement as being in good faith and enters the Contribution Bar Order, it resolves all claims against Morgan Stanley and the Underwriters. There is no just reason for delay, and therefore the parties request that the Court certify as final its order dismissing Plaintiffs' claims against Morgan Stanley and entering the Contribution Bar Order.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IV.     **CONCLUSION**

Based upon the foregoing, Plaintiffs and Morgan Stanley, on its own behalf and on behalf of the Underwriters, jointly respectfully request that the Court: (1) enter an Order in the form attached hereto as Exhibit A, dismissing with prejudice all claims in the Action against Morgan Stanley, approving the Settlement Agreement as being in good faith, and entering the Contribution Bar Order; and (2) find that no just reason exists to delay and, thus, certify the Order as a final judgment as to Morgan Stanley pursuant to Fed. R. Civ. P. 54(b).

DATED: September 6, 2013

/s/ Megan D. McIntyre
_____
Stuart M. Grant
Megan D. McIntyre
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801

*Attorneys for Plaintiffs Oaktree Capital Management, L.P., Lazard Asset Management LLC, Angelo, Gordon & Co., L.P., Zazove Associates, LLC, Advent Capital Management, LLC, and HFR CA Lazard Rathmore Master Trust*

/s/ Karl Nielson
_____
Gary R. Goodheart
Amanda J. Cowley
Karl Nielson
FENNEMORE CRAIG JONES VARGAS
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone:  (702) 692-8000
Facsimile:  (702) 692-8099

*Attorneys for Plaintiff Delaware Public Employees' Retirement System*

/s/ John P. Bueker
_____
Randall W. Bodner
John P. Bueker
Ropes & Gray LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199
(617) 951-7000

*Attorneys for Defendant Morgan Stanley & Co. LLC*

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that the foregoing Joint Motion For, And Points And Authorities In

3

Support Of, The Finding Of A Good Faith Settlement, Entry Of A Contribution Bar Order And

4

Final Judgment Pursuant To Rule 54(b) As To Morgan Stanley was served on September 6, 2013

5

by causing a true copy of same to be transmitted by CM/ECF Electronic Filing System to the

6

parties listed on the docket.

7

8

    /s/ John P. Bueker

9

    John P. Bueker
    ROPES & GRAY LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28