Mark G. Krum
Nevada Bar #10913
mkrum@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
+1 702 949 8217
+1 702 216 6234

Randall W. Bodner (*Admitted Pro Hac Vice*)
John P. Bueker (*Admitted Pro Hac Vice*)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts 02199-3600
+1 617 951 7000
+1 617 951 7050

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| OAKTREE CAPITAL MANAGEMENT, L.P., on behalf of its managed funds and accounts, LAZARD ASSET MANAGEMENT LLC, on behalf of its managed funds and accounts, ANGELO, GORDON & CO., L.P., ZAZOVE ASSOCIATES LLC, on behalf of certain of its managed funds and accounts, CNH PARTNERS, LLC, ADVENT CAPITAL MANAGEMENT, LLC, AQR CAPITAL MANAGEMENT, LLC, HFR CA LAZARD RATHMORE MASTER TRUST, and DELAWARE PUBLIC EMPLOYEES' RETIREMENT SYSTEM<br><br>Plaintiffs,<br><br>v.<br><br>KPMG, KPMG INTERNATIONAL COOPERATIVE, KPMG LLP, HANSEN, BARNETT & MAXWELL, P.C., and MORGAN STANLEY & CO.,<br><br>Defendants. | Case No. 2:12-cv-00956-JCM-(GWF)<br><br>**REVISED ORDER APPROVING SETTLEMENT AS MADE IN GOOD FAITH AND ENTERING A CONTRIBUTION BAR AND FINAL JUDGMENT PURSUANT TO RULE 54(b) AS TO MORGAN STANLEY** |

WHEREAS, this matter comes before the Court upon the Joint Motion for Finding of a Good Faith Settlement and for a Contribution Bar Order, brought by Plaintiffs Oaktree Capital Management, L.P., Lazard Asset Management LLC, Angelo, Gordon & Co., L.P., Zazove Associates, LLC, Advent Capital Management, LLC, HFR CA Lazard Rathmore Master Trust, and Delaware Public Employees' Retirement System (collectively "Plaintiffs") and Defendant Morgan Stanley & Co. LLC ("Morgan Stanley"), on its own behalf and on behalf of all underwriters participating in ShengdaTech, Inc.'s December 2010 issuance of 6.5% notes in a private, unregistered debt offering (the "Offering") (collectively, the "Underwriters").[1]

WHEREAS, Plaintiffs and Morgan Stanley, on behalf of all Underwriters, have entered into a Stipulation and Agreement of Settlement in order to fully, finally, and forever resolve, discharge, settle and release: (i) any and all claims that Plaintiffs or the funds and clients on whose behalf they brought the Action (the "Managed Funds")[2] have asserted or could have asserted against Morgan Stanley arising out of or related to the facts alleged in the above-captioned matter (the "Action"), (ii) any and all claims that Plaintiffs or the Managed Funds have asserted or could have asserted against Morgan Stanley and/or the other Underwriters arising out of or related to the Offering, and (iii) any and all claims that have been or could be asserted between Plaintiffs and Morgan Stanley arising out of or related to the Action or the facts alleged in the Action (the "Settlement Agreement").

WHEREAS, the Settlement Agreement was expressly conditioned upon the entry by this Court of a Contribution Bar Order; and

---

[1] The Underwriters are: Morgan Stanley; Oppenheimer & Co.; Brean, Murray, & Carret, Co.; and Global Hunter Securities.

[2] The Managed Funds are identified on the Certificate of Interested Parties Pursuant to Local Rule 7.1-1 that Plaintiffs filed under seal in this action on June 18, 2012, except that the Managed Funds do not include AQR Convertible Opportunities Bond UCITS Fund, AQR DELTA Master Account, L.P, AQR Diversified Arbitrage Fund, AQR Opportunistic Premium Offshore Fund L.P., AST Academic Strategies Asset Allocation Portfolio, CNH CA Master Account, L.P., or CNH Diversified Opportunities Master Account, L.P.

WHEREAS, after having reviewed the entire record before it, including the motion, the pleadings, and any responses and objections, the Court finds that the Settlement Agreement and the releases therein between Plaintiffs, on their own behalf and on behalf of the Managed Funds, and Morgan Stanley, on its own behalf and on behalf of all Underwriters, were given in good faith pursuant to N.R.S. 17.245;

IT IS HEREBY ORDERED THAT:

1. The Joint Motion for Finding of a Good Faith Settlement and for a Contribution Bar Order, brought by Plaintiffs and Morgan Stanley, is granted, and all claims against Morgan Stanley in this Action are hereby dismissed with prejudice;

2. Pursuant to N.R.S. 17.245, Morgan Stanley is discharged from all claims for contribution and for equitable indemnity to any person or entity, including other defendants named in this Action, whether arising under state, federal or common law, based upon, arising from, relating to or in connection with the Morgan Stanley Released Claims, as defined in the Settlement Agreement.  Accordingly, to the fullest extent provided by law, the Court bars, enjoins and restrains any and all such claims referred to in this paragraph against Morgan Stanley.  Nothing herein shall be deemed to discharge any person or entity other than Morgan Stanley from liability for the Morgan Stanley Released Claims.

3. Pursuant to N.R.S. 17.245, the Underwriters are discharged from all claims for contribution and for equitable indemnity to any person or entity, including other defendants named in this Action, whether arising under state, federal or common law, based upon, arising from, relating to or in connection with the Underwriter Released Claims, as defined in the Settlement Agreement.  Accordingly, to the fullest extent provided by law, the Court bars, enjoins and restrains any and all such claims referred to in this paragraph against the Underwriters.  Nothing herein shall be deemed to discharge any person or entity other than the Underwriters from liability for the Underwriter Released Claims.

4. The approval for this Settlement Agreement and Contribution Bar Order is without prejudice to and shall not be construed as precluding the Non-Settling Defendants from

1  asserting or seeking to enforce any judgment reduction credit or set-off right that otherwise may
2  be available to the Non-Settling Defendants.
3     5.   The Court finds that there is no just reason to delay in entering a final judgment
4  as to Morgan Stanley.  Accordingly, this Order shall constitute a final judgment pursuant to Fed.
5  R. Civ. P. 54(b).
6     6.   The Court shall retain jurisdiction with respect to all matters arising from or
7  relating to the implementation of this Order.

9     IT IS SO ORDERED.

By: /s/ James C. Mahan
United States District Judge
Dated: September 26, 2013