1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENNEMORE CRAIG JONES VARGAS
Gary R. Goodheart
Nevada Bar # 1203
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone:     (702) 692-8000

Local Counsel for All Plaintiffs

GRANT & EISENHOFER P.A.
Stuart M. Grant (Admitted Pro Hac Vice)
Megan D. McIntyre (Admitted Pro Hac Vice)
123 Justison Street
Wilmington, DE 19801
Telephone:     (302) 622-7000

Attorneys for all Plaintiffs except Delaware Public Employees'
Retirement System

STATE OF DELAWARE
Ann Marie Johnson
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
Telephone:  (302) 577-8400

*Attorneys for Plaintiff Delaware Public Employees' Retirement System*

[Additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OAKTREE CAPITAL MANAGEMENT, L.P., et al.,<br><br>                      Plaintiffs,<br><br>              v.<br><br>KPMG, KPMG INTERNATIONAL COOPERATIVE, KPMG LLP, HANSEN, BARNETT & MAXWELL, P.C., and MORGAN STANLEY & CO.,<br><br>                      Defendants. | Case No. 12-CV-00956-JCM-(GWF)<br><br>**JOINT MOTION FOR ENTRY OF CONTRIBUTION BAR ORDER AND FINAL JUDGMENT OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO RULE 54(b) AS TO DEFENDANTS KPMG, KPMG INTERNATIONAL COOPERATIVE, AND KPMG LLP; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

1   Plaintiffs Oaktree Capital Management, L.P., Lazard Asset Management LLC, Angelo,

2   Gordon & Co., L.P., Zazove Associates, LLC, CNH Partners, LLC, Advent Capital Management,

3   LLC, AQR Capital Management, LLC, HFR CA Lazard Rathmore Master Trust, and Delaware

4   Public Employees' Retirement System (collectively, "Plaintiffs") and Defendants KPMG, a Hong

5   Kong partnership ("KPMG HK"), KPMG International Cooperative ("KPMG International") and

6   KPMG LLP (collectively, the "KPMG Parties"), hereby jointly move this Court for an Order (i)

7   entering a Contribution Bar Order; (ii) dismissing Plaintiffs' claims against the KPMG Parties

8   with prejudice; and (iii) entering a final judgment as to the KPMG Parties  pursuant to Fed. R.

9   Civ. P. 54(b).  A Proposed Contribution Bar Order and Final Judgment is attached hereto as

10  Exhibit A.

## MEMORANDUM OF POINTS AND AUTHORITIES

11

12  **I.      BACKGROUND**

13   On June 6, 2012, Plaintiffs Oaktree Capital Management, L.P.; Lazard Asset Management

14  LLC; Angelo, Gordon & Co. L.P.; Zazove Associates, LLC; CNH Partners, LLC; Advent Capital

15  Management, LLC; AQR Capital Management, LLC; and HFR CA Lazard Rathmore Master

16  Trust filed an action in this Court alleging violations of state and federal securities laws by the

17  KPMG Parties, Morgan Stanley & Co. ("Morgan Stanley"), and Hansen, Barnett & Maxwell P.C.

18  ("Hansen") (collectively, the "Defendants"), captioned *Oaktree Capital Management, L.P. v.*

19  *KPMG*, Civ. Act. No. 2:12-cv-00956-JCM(GWF) (the "*Oaktree* Complaint").  Also on June 6,

20  2012, the Delaware Public Employees' Retirement System filed a separate action against the

21  Defendants in this Court alleging similar facts and allegations as the *Oaktree* Complaint,

22  captioned *Delaware Public Employees' Retirement System v. KPMG*, Civ. Act. No. 2:12-cv-

23  00961-JCM(GWF) (together with the *Oaktree* Complaint, "the Complaints").

24   On November 13, 2012, Plaintiffs filed a stipulation with the Court to consolidate the two

25  cases into one action (the "Action").  The Court granted the request and on November 21, 2012,

26  Plaintiffs filed a Consolidated Complaint against the Defendants in this Action.  The

27  Consolidated Complaint alleged, among other things, that KPMG HK's and Hansen's audit

28  opinions concerning ShengdaTech, Inc.'s financial statements violated Section 18 of the

-1-

Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78r.  The Consolidated

Complaint further alleged that KPMG International and KPMG LLP are liable pursuant to

Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), for KPMG HK's alleged violations of

Section 18.

On January 7, 2013, the Defendants moved to dismiss the Consolidated Complaint

pursuant to Fed. R. Civ. P. Rules 9(b) and 12(b)(6).  On August 5, 2013, the Court issued an order

granting the Defendants' motion to dismiss the Consolidated Complaint, but providing that

Plaintiffs may request leave to file an amended complaint with respect to certain of the dismissed

claims within forty-five (45) days after the date of the order.  Plaintiffs timely moved the Court

for leave to file an Amended Consolidated Complaint, and the Defendants opposed that motion.

Oral argument was heard on the Motion by the Hon. Magistrate Judge Foley on December 17,

2013.  The Motion was taken under submission and a ruling has not been issued.

Plaintiffs, on their behalf and on behalf of the funds they manage, and the KPMG Parties

have agreed to resolve and settle the claims between them in the Action on the terms and subject

to the conditions set forth in the parties' Settlement and Release Agreement, which was fully

executed as of February 11, 2014 ("Settlement Agreement").  The effectiveness of the Settlement

Agreement is expressly conditioned upon the entry of a Contribution Bar Order in favor of the

KPMG Parties in accordance with the Private Securities Litigation Reform Act of 1995, codified

as amended at 15 U.S.C. § 77a (2000) (hereinafter referred to as the "PSLRA"). [1]

## II.     LEGAL ARGUMENT

### A.      The Parties Jointly Request Entry of a Contribution Bar Order

Plaintiffs and the KPMG Parties jointly request that the Court enter an Order in the form

attached hereto as Exhibit A, discharging the KPMG Released Parties[2] from all claims for

---

[1] The PSLRA applies by virtue of Plaintiffs' assertion of federal securities claims against the KPMG Parties pursuant to Sections 18 and 20(a) of the Exchange Act.

[2] As defined in the proposed Contribution Bar Order, "KPMG Released Parties" includes the KPMG Parties and all other member firms of the KPMG network of independent firms affiliated
[2] As defined in the proposed Contribution Bar Order, "KPMG Released Parties" includes the KPMG Parties and all other member firms of the KPMG network of independent firms affiliated with KPMG International Cooperative that provide audit, tax and/or advisory services, and their respective past and present parent companies, subsidiaries, divisions, affiliates, related entities,

contribution and for equitable indemnity to any person or entity, including other Defendants named in this Action, whether arising under state, federal or common law in any jurisdiction, based upon, arising from, relating to or in connection with the Released Claims[3] (the "Contribution Bar Order").  The proposed Contribution Bar Order is in accordance with the PSLRA, which provides that:

> A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons.  Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action.  The order shall bar all future claims for contribution arising out of the action— (i) by any person against the settling covered person; and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

15 U.S.C. § 78u-4(f)(7)(A).

The PSLRA explicitly provides a judgment reduction formula in favor of non-settling defendants, which states as follows:

> If a covered person enters into a settlement with the plaintiff prior to final verdict or judgment, the verdict or judgment shall be reduced by the greater of-- (i) an amount that corresponds to the percentage of responsibility of that covered person; or (ii) the amount paid to the plaintiff by that covered person.

15 U.S.C. § 78u-4(f)(7)(B).  The parties' proposed Contribution Bar Order acknowledges that nothing therein shall affect any non-settling defendant's right to any such judgment reduction credit or set-off.  *See* Exhibit A, ¶ 2.

---

joint ventures, predecessors, successors and assignees, and all their respective present and former agents, subcontractors, subrogees, insurers, co-insurers, reinsurers, attorneys, and all their respective present and former partners, principals, members, directors, officers, employees, stockholders and owners.

[3] As set forth in the proposed Contribution Bar Order, the Released Claims encompass any and all Claims and Unknown Claims as defined in the Settlement Agreement of any nature whatsoever in any jurisdiction that Plaintiffs ever had, now have, or can, shall or may have against the KPMG Released Parties that (a) arise out of or in any way relate to the Action or the facts, transactions, allegations, and/or claims of liability described in the Action, or (b) were brought or alleged, or could have been brought or alleged in the Action and that relate in any way to (i) the Plaintiffs' investments in any securities issued by ShengdaTech, Inc.; or (ii) any work performed by the KPMG Released Parties for or related to ShengdaTech, Inc. at any time.

-3-

1    Because any future judgment against a non-settling defendant will be reduced by ***at least***

2    the amount of the settling defendants' ***actual proportionate share of liability established at trial***,

3    and not just by the settlement amount paid by the settling defendant, the non-settling defendants'

4    rights are fully protected and it is not necessary to conduct a fairness hearing or good faith

5    determination concerning the proposed settlement.  *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 02

6    CIV. 3288 (DLC), 2005 WL 613107 (S.D.N.Y. Mar. 15, 2005) ("Where a judgment credit is

7    given to a non-settling defendant in an amount equal to its proportionate share of liability, its

8    rights 'are protected even without a determination of the fairness of the settlement.'"); *Gerber v.*

9    *MTC Elec. Technologies Co., Ltd.*, 329 F.3d 297, 303 (2d Cir. 2003) ("By awarding a credit that

10   is at least the settling defendants' proven share of liability, the non-settling defendants' rights are

11   protected even without a determination of the fairness of the settlement."); *In re Cendant Corp.*

12   *Litig.*, 264 F.3d 286, 298 (3d Cir. 2001) (same).

13       Therefore, Plaintiffs and the KPMG Parties respectfully request that the Court enter the

14   proposed Contribution Bar Order, attached as Exhibit A.[4]

15   **B.    Provided That The Contribution Bar Order Is Entered, The Parties**
        **Jointly Request Dismissal Of The Action With Prejudice As Against**
16      **the KPMG Parties**

17       Entry of a Contribution Bar Order as described above will satisfy the last remaining

18   condition to the effectiveness of the parties' settlement.  Accordingly, the parties jointly request

19   that, in conjunction with its entry of the Contribution Bar Order, the Court dismiss with prejudice

20   Plaintiffs' claims in the Action against the KPMG Parties, in accordance with Fed. R. Civ. P.

21   41(a)(2).[5]

22

23   [4] This Court previously entered a Contribution Bar Order in connection with a settlement of
     Plaintiffs' claims against former defendant Morgan Stanley, barring future claims for contribution
24   and equitable indemnity against named defendant Morgan Stanley and all other underwriters
     participating in ShengdaTech, Inc.'s December 2010 issuance of 6.5% notes.  (Docket No. 161).
25   The parties' request for that Contribution Bar Order was made pursuant to Nevada state law,
     rather than the PSLRA, because Plaintiffs' claims against Morgan Stanley did not include any
26   claims under the federal securities laws.

27   [5] In the event the Contribution Bar Order is not entered as requested, Plaintiffs and the KPMG
     Parties respectfully request that the Court ***not*** enter a judgment of dismissal at this time, because
28   non-entry of the Contribution Bar Order may result in termination of the settlement.

-4-

## C. A Rule 54(b) Judgment Is Warranted

Plaintiffs and the KPMG Parties also request that the Court certify as a final judgment, pursuant to Fed. R. Civ. P. 54(b), its order(s) dismissing Plaintiffs' claims against the KPMG Parties and entering the Contribution Bar Order. Federal Rule of Civil Procedure 54(b) states:

**(b) Judgment on Multiple Claims or Involving Multiple Parties.**
When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all claims and all the parties rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).

This Court has previously entered a Rule 54(b) judgment with respect to Plaintiffs' claims against Morgan Stanley, based on the settlement reached between those parties. (Docket No. 161.) There is likewise no just reason for delaying the entry of a final judgment with respect to Plaintiffs' claims against the KPMG Parties. Plaintiffs and the KPMG Parties have fully and finally resolved all of the claims between them by agreement, and the interest of promoting settlements will be furthered by the entry of a final judgment as to Plaintiffs' claims against the KPMG Parties and the entry of a Contribution Bar Order. Once the Court dismisses the claims against the KPMG Parties with prejudice and enters the Contribution Bar Order, it resolves all claims against the KPMG Parties. There is no just reason for delay, and therefore the parties request that the Court certify as final its order dismissing Plaintiffs' claims against the KPMG Parties and entering the Contribution Bar Order.

A/75936179.1

1

**III.    CONCLUSION**

2        Based upon the foregoing, Plaintiffs and the KPMG Parties jointly request that the Court:

3   (1) enter a Contribution Bar Order in the form attached hereto as Exhibit A, (2) dismiss with

4   prejudice all claims in the Action against the KPMG Parties; and (3) find that no just reason exists

5   to delay and, thus, certify the foregoing Order(s) as a final judgment as to the KPMG Parties

6   pursuant to Fed. R. Civ. P. 54(b).

7   DATED:  February 24, 2014            FENNEMORE CRAIG JONES VARGAS

8

9                                        By:  /s/  Gary R. Goodheart
                                         Gary R. Goodheart (Nevada Bar # 1203)
10                                       ggoodhea@fclaw.com
                                         300 S. Fourth Street, Suite 1400
11                                       Las Vegas, NV 89101
                                         Telephone: (702) 692-8000
12                                       Facsimile: (702) 692-8099

13                                       *Local Counsel for All Plaintiffs*

14                                       GRANT & EISENHOFER P.A.
                                         Stuart M. Grant (*Admitted Pro Hac Vice*)
15                                       Megan D. McIntyre (*Admitted Pro Hac Vice*)
                                         123 Justison Street
16                                       Wilmington, DE 19801
17                                       Telephone:    (302) 622-7000
                                         Facsimile:    (302) 622-7100
18
                                         *Attorneys for Plaintiffs Oaktree Capital Management, L.P.,*
19                                       *Lazard Asset Management LLC, Angelo, Gordon & Co.,*
                                         *L.P., Zazove Associates, LLC, CNH Partners, LLC, Advent*
20                                       *Capital Management, LLC, AQR Capital Management,*
                                         *LLC, HFR CA Lazard Rathmore Master Trust, collectively*
21                                       *on behalf of their managed funds and accounts*

22                                       STATE OF DELAWARE
23                                       Ann Marie Johnson
                                         Deputy Attorney General
24                                       Carvel State Office Building
                                         820 North French Street, 6th Floor
25                                       Wilmington, Delaware 19801
                                         Telephone:  (302) 577-8400
26                                       Facsimile:  (302) 577-6630

27                                       *Attorneys for Plaintiff Delaware Public Employees'*
                                         *Retirement System*
28

-6-

DATED:  February 24, 2014          CAMPBELL & WILLIAMS

                                   By:   /s/  J. Colby Williams
                                   J. Colby Williams (Nevada Bar # 5549)
                                   jcw@campbellandwilliams.com
                                   700 S. Seventh Street
                                   Las Vegas, NV 89101
                                   (702) 382-5222

                                   BINGHAM MCCUTCHEN LLP
                                   Jeffrey Q. Smith (*Admitted Pro Hac Vice*)
                                   399 Park Avenue
                                   New York, New York  10022-4689
                                   Telephone:     212.705.7000
                                   Facsimile:     212.752.5378

                                   BINGHAM MCCUTCHEN LLP
                                   Edward S. Kim (*Admitted Pro Hac Vice*)
                                   600 Anton Boulevard, 18th Floor
                                   Costa Mesa, CA 92626-1924
                                   Telephone:     (714) 830-0600
                                   Facsimile:     (714) 830-0700

                                   *Attorneys for Defendant KPMG*

DATED:  February 24, 2014          COTTON, DRIGGS, WALCH, HOLLEY, WOLOSON &
                                   THOMPSON

                                   By:  /s/  Richard F. Holley
                                   Richard F. Holley  (Nevada Bar # 3077)
                                   E-mail: Rholley@nevadafirm.com
                                   400 South Fourth Street, Third Floor
                                   Las Vegas, NV 89101
                                   Telephone: (702) 791-0308
                                   Facsimile: (702) 791-1912

                                   WILLIAMS & CONNOLLY LLP
                                   Kevin M. Hodges (Admitted Pro Hac Vice)
                                   725 Twelfth Street, N.W.,
                                   District of Columbia, 20005
                                   Telephone:     (202) 434-5221
                                   Facsimile:     (202) 434-5029

                                   *Attorneys for Defendant KPMG LLP*

-7-

1

2

DATED:  February 24, 2014          MCDONALD CARANO WILSON LLP

3

4

By:  /s/  Aaron D. Shipley
Aaron D. Shipley (Nevada Bar # 8258)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
ashipley@mcdonaldcarano.com

5

6

7

HUGHES HUBBARD & REED LLP
Kenneth M. Katz (*Admitted Pro Hac Vice*)
One Battery Park Plaza
New York, New York 10004
Telephone:     (212) 837-6028
Facsimile:      (212) 299-6028

8

9

10

*Attorneys for Defendant KPMG International Cooperative*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

A/75936179.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Joint Motion** was served on the 24th day of February, 2014 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

   _/s/ *J. Colby Williams*_____
An employee of Campbell & Williams

-9-

A/75936179.1