```
FENNEMORE CRAIG JONES VARGAS
Gary R. Goodheart (Nevada Bar # 1203)
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
```
*Counsel for All Plaintiffs*

```
CAMPBELL & WILLIAMS
Donald J. Campbell (Nevada Bar # 1216)
700 S. Seventh Street
Las Vegas, NV 89101
Telephone: (702) 382-5222
```
*Counsel for Defendant KPMG*

```
COTTON, DRIGGS, WALCH, HOLLEY, WOLOSON & THOMPSON
John H. Cotton (Nevada Bar # 5268)
400 South Fourth Street, Third Floor
Las Vegas, NV 89101
Telephone: (702) 791-0308
```
*Counsel for Defendant KPMG LLP*

```
MCDONALD CARANO WILSON LLP
Aaron D. Shipley (Nevada Bar # 8258)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
```
*Counsel for Defendant KPMG International Cooperative*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| OAKTREE CAPITAL MANAGEMENT, L.P., on behalf of its managed funds and accounts, LAZARD ASSET MANAGEMENT LLC, on behalf of its managed funds and accounts, ANGELO, GORDON & CO., L.P., on behalf of one of its managed funds, ZAZOVE ASSOCIATES LLC, on behalf of certain of its managed funds and accounts, CNH PARTNERS, LLC, on behalf of its managed funds, ADVENT CAPITAL MANAGEMENT, LLC, on behalf of one of its managed funds, AQR CAPITAL MANAGEMENT, LLC, on behalf of its managed funds, HFR CA LAZARD RATHMORE MASTER TRUST, and DELAWARE PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>Plaintiffs, | No. 2:12-CV-00956-JCM(GWF)<br><br>**CONTRIBUTION BAR ORDER AND FINAL JUDGMENT OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO RULE 54(b) AS TO DEFENDANTS KPMG, KPMG INTERNATIONAL COOPERATIVE, AND KPMG LLP** |

1

-against-

KPMG, a Hong Kong partnership, KPMG INTERNATIONAL COOPERATIVE, KPMG LLP, HANSEN, BARNETT & MAXWELL, P.C., and MORGAN STANLEY & CO.,

Defendants.

WHEREAS, Plaintiffs and Defendants KPMG, a Hong Kong partnership, KPMG International Cooperative and KPMG LLP (collectively, the "KPMG Parties") have entered into a Settlement and Release Agreement (the "Settlement Agreement") in order to fully, finally, and forever resolve, discharge, settle and release any and all Claims and Unknown Claims as defined in the Settlement Agreement of any nature whatsoever in any jurisdiction that Plaintiffs ever had, now have, or can, shall or may have against the KPMG Parties and all other member firms of the KPMG network of independent member firms affiliated with KPMG International Cooperative that provide audit, tax and/or advisory services ("KPMG Member Firms") (collectively, the "KPMG Released Parties")[1], that (a) arise out of or in any way relate to the above-captioned matter (the "Action") or the facts, transactions, allegations, and/or claims of liability described in the Action, or (b) were brought or alleged, or could have been brought or alleged in the Action and that relate in any way to (i) the Plaintiffs' investments in any securities issued by ShengdaTech, Inc.; or (ii) any work performed by the KPMG Released Parties for or related to ShengdaTech, Inc. at any time (collectively, the "Released Claims"); and

WHEREAS, the Settlement Agreement was expressly conditioned upon the entry by this Court of a Contribution Bar Order;

NOW THEREFORE, for good cause shown, IT IS HEREBY ORDERED THAT:

1. As provided in Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A), the KPMG Released Parties are, by virtue of

---

[1] All references to the "KPMG Released Parties" shall include the KPMG Parties and the KPMG Member Firms and all of their respective past and present parent companies, subsidiaries, divisions, affiliates, related entities, joint ventures, predecessors, successors and assignees, and all their respective present and former agents, subcontractors, subrogees, insurers, co-insurers, reinsurers, attorneys, and all their respective present and former partners, principals, members, directors, officers, employees, stockholders and owners.

the Settlement Agreement and this Judgment, released and discharged from all claims, known or unknown, for contribution and for equitable indemnity to any person or entity, including but not limited to other defendants named in this Action, whether arising under state, federal or common law in any jurisdiction, based upon, arising out of, relating to or in connection with the Released Claims. Accordingly, to the fullest extent provided by law, the Court bars, enjoins and restrains (1) any and all such claims referred to in this paragraph against the KPMG Released Parties and (2) any and all claims by the KPMG Released Parties against any person or entity, other than a person or entity whose liability has been extinguished by the Settlement Agreement, for contribution and equitable indemnity whether arising under state, federal or common law in any jurisdiction, based upon, arising out of, relating to or in connection with the Released Claims.

2. The approval of this Contribution Bar Order and Final Judgment is without prejudice to and shall not be construed as precluding the non-settling defendants from asserting or seeking to enforce any judgment reduction credit or set-off right that otherwise may be available to the non-settling defendants.

3. Nothing herein shall be deemed to discharge any person or entity other than the KPMG Released Parties from liability for the Released Claims.

4. The Court finds that there is no just reason to delay in entering a final judgment as to the KPMG Released Parties. Accordingly, this Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54(b).

5. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementations of this Order.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

DATED:_____ February 26, 2014

3