1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OAKTREE CAPITAL MANAGEMENT, L.P., et al., | 2:12-CV-956 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| KPMG, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. #199) filed by defendant Hansen, Barnett, and Maxwell, P.C. ("Hansen"). Plaintiffs Oaktree Capital Management, L.P., et al. ("Oaktree") filed a response (doc. # 200) to which Hansen filed a reply (doc. #201).

**I. Background**

Oaktree originally brought suit against Hansen and several other parties after plaintiffs made investments in ShengdaTech ("Shengda"), a Nevada company with its principal place of business in China. Prior to its bankruptcy, Shengda manufactured a chemical additive called nano-precipitated calcium carbonate, which is used to strengthen certain industrial materials such as plastic and rubber.

Plaintiffs brought suit against Hansen and various other parties after Shengda went bankrupt and defaulted on notes purchased by Oaktree. All defendants except Hansen have settled with

**James C. Mahan**
**U.S. District Judge**

1    Oaktree.

2        Hansen is a firm based in Utah that provides professional financial services.  Shengda

3    retained Hansen to audit its 2007 financial statements for inclusion in SEC filings.  Hansen's audit

4    appeared in Shengda documents between 2007 and 2010.

5        Plaintiffs allege three claims under § 18 of the Securities Exchange Act of 1934, two claims

6    of common law negligent misrepresentation, and one claim under the Connecticut Uniform

7    Securities Act.  This court previously dismissed plaintiffs' § 18 claims without prejudice after

8    identifying specific failures to support claims with sufficient allegations.  (Doc. #151).

9    **II. Discussion**

10       **A. Legal Standard**

11       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

12   be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

13   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

14   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

15   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

16   of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Factual

17   allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus,

18   to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

19   to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

20       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

21   considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

22   in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*.  Mere

23   recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.

24   *Id*.  Second, the court must consider whether the factual allegations in the complaint allege a

25   plausible claim for relief.  *Id*. at 679.  A claim is facially plausible when the plaintiff's complaint

26   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

27   alleged misconduct.  *Id*. at 678.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Where the complaint does not permit the court to infer more than the mere possibility of

2    misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

3    (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

4    conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

5    **B. § 18 of the Securities Exchange Act**

6    To state a plausible claim for relief under § 18 of the Securities Exchange Act, plaintiffs must

7    allege facts establishing that: "(1) the defendant made or caused to be made a statement of material

8    fact that was false or misleading at the time and in light of the circumstances under which it was

9    made, (2) the statement was contained in a document filed pursuant to the Exchange Act or any rule

10    or regulation thereunder, (3) reliance on the false statement, and (4) resulting loss to the plaintiff."

11    *Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1174 (10th

12    Cir. 2006); *see* 15 U.S.C. § 78r.

13    The court previously dismissed plaintiffs' claims due to a failure to allege that Hansen made

14    false statements.  Because of this, the court did not address the issues of reliance or resulting loss in

15    its prior orders.

16    In addition to the pleading standards set forth in Federal Rule of Civil Procedure 8(a), a

17    plaintiff bringing a § 18 claim must meet the "exacting pleading requirements" of the Private

18    Securities Litigation Reform Act ("PSLRA").  *See Tellabs, Inc. v. Makor Issues and Rights, Ltd.*,

19    551 U.S. 308, 313 (2007).  Under 15 U.S.C. § 78u-4(b)(1), plaintiffs must (1) specify each false

20    statement and (2) elucidate the reasons why each statement is misleading.

21    . . .

22    . . .

23    . . .

24    . . .

25    . . .

26    . . .

27    . . .

28

**James C. Mahan**
**U.S. District Judge**

Plaintiffs allege that,

> (1) Hansen's audit report was materially false and misleading because . . . the 2007 Financial Statements violated GAAP [Generally Accepted Accounting Principles] and did not present the Company's financial position fairly or accurately; (2) ShengdaTech's internal controls over financial reporting were severely deficient; and . . . (3) Hansen did not conduct its audits in accordance with the standards of GAAS [Generally Accepted Accounting Standards] and the Public Company Accounting Oversight Board ("PCAOB") and therefore lacked a reasonable basis for its opinions concerning the Company's 2007 Financial Statements and internal controls.

(Doc. 200 at 9).

This court previously dismissed plaintiffs' § 18 claims because plaintiffs failed to allege violations of GAAS with the particularity required by the PSLRA.  While plaintiffs alleged numerous violations of GAAS, the court found that none of the allegations touched on the *procedures* Hansen did or did not employ during the course of its audit.  Plaintiffs' second and third false statements rely on allegations that Hansen did not comply with GAAS.  Because plaintiffs could not demonstrate a failure to comply with GAAS, all of the false claim allegations failed.

In the amended consolidated complaint, plaintiffs have bolstered their allegations that fraud must have been occurring at Shengda during the time of Hansen's audit.  Plaintiffs rely heavily on findings made in a report by another auditor, KPMG.  Hansen argues that even with the additional allegations, plaintiffs have again failed to sufficiently claim that Hansen made any false statements in the financial reports.

The court agrees that plaintiffs have failed to allege that Hansen's statements were false or misleading, a necessary element of their claim.

*Conformity with GAAS*

Plaintiffs allege that Hansen violated GAAS standards by failing to plan and execute appropriate confirmation procedures.  Plaintiffs focus on GAAS standard of fieldwork no. 3, which requires auditors to obtain sufficient evidence to support a reasonable basis for forming an opinion regarding financial statements.  *See* AU §§ 150.02, 326.01.

. . .

James C. Mahan
U.S. District Judge

Plaintiffs allege that Hansen violated GAAS by failing to maintain control over the confirmation process that is part of a GAAS compliant audit.   Plaintiffs claim that Hansen failed to verify addresses of customers provided by Shengda's management before sending confirmation requests.   The confirmation requests are used to verify that the company is not falsifying sales information.  Plaintiffs allege that Hansen, in 2007, must have failed to verify addresses because in 2010 a different auditing company, KPMG, reported that Shengda provided fake addresses for auditors to use while sending confirmation requests.

Plaintiffs allege that even though this discovery was made in 2010, they can infer that this practice had been occurring since 2006.  In order to support this allegation, plaintiffs contend, *inter alia*, that six companies appearing on a Shengda subsidiary's sales records in 2006 and 2007 had never purchased anything from that subsidiary.  Plaintiffs contend that Hansen would have discovered these discrepancies if it had actually conducted a GAAS-compliant confirmation process.

Next, plaintiffs allege that KPMG discovered that the sales figures in the 2007 financial statement audited by Hansen were overstated by $10.2 million.  Additionally, KPMG found that Shengda's bank accounts contained significantly smaller balances than reported in 2008 and 2009. Plaintiffs argue that it is reasonable to assume that a similar situation existed in 2007 when Hansen should have examined the bank balances.

These arguments, while more thorough than the previous complaint, still suffer from the same malady that led to their previous dismissal.  The problem with these allegations is that they are merely consistent with, not indicative of, a failure to follow GAAS standards.

Plaintiffs allege that KPMG's discoveries demonstrate that Hansen could not have performed its audit in compliance with GAAS.  GAAS prescribes very general and broad requirements for an auditor.  For instance, GAAS standard of fieldwork no. 3, provides as follows:

> The auditor must obtain sufficient appropriate audit evidence by performing audit procedures to afford a reasonable basis for an opinion regarding the financial statements under audit.

AU §§ 150.02.  With such a broad requirement, it is very possible that Hansen both complied with GAAS and did not discover the fraudulent activities that may have been occurring.  An auditor is not

1  tasked with checking over every single document and making contact with every company that its

2  client does business with, the auditor only needs to be thorough enough to afford itself a reasonable

3  basis for their belief.  Thus, plaintiffs' identification of several specific indicia of fraud, made several

4  years after the fact, with the full benefit of hindsight, fails to raise a plausible inference that Hansen

5  failed to "obtain sufficient appropriate audit evidence" prior to issuing its opinion.

6      Without specifying the steps Hansen took during the audit process, plaintiff is unable to show

7  that Hansen's audit did not conform to GAAS.

8      This court specifically held that in order to adequately allege claims under § 18 plaintiffs must

9  allege particular actions that Hansen did or did not take while conducting the audit of Shengda.

10  Plaintiffs have failed to do so, and again rely on "had defendant truly done x, it would have been

11  discovered that y" arguments.  (Doc. 151 at 29).  Plaintiffs still fail to identify specific acts which were

12  inconsistent with the standards to which Hansen claims to have adhered.  Plaintiffs submit allegations

13  that there was fraud occurring at Shengda in the years following Hansen's audit, but plaintiffs cannot

14  show that Hansen failed to comply with GAAS in his audit. Claims supported only by these types of

15  allegations are not sufficient to survive a motion to dismiss because they fail to meet the enhanced

16  pleading standard set forth in the PSLRA.  *See* 15 U.S.C. § 78u4(b)(1).

17      Plaintiffs rely upon only hindsight and conclusory statements to allege GAAS violations in

18  Hansen's audit.  These are precisely the type of allegations courts have found insufficient under the

19  PSLRA's pleading standard.  *See, e.g.*, *Deephaven*, 454 F.3d at 1174.  Plaintiffs' generalized

20  inferences about Hansen's conduct in performing its audit are not a substitute for factual assertions that

21  meet the requirements of 15 U.S.C. § 78u-4(b)(1).  (Doc. #151 at 35).

22      *Conformity to GAAP*

23      Plaintiffs assert that Hansen made a false statement when it claimed that the financial reports

24  presented fairly, in all material respects, the financial position of Shenga and subsidiaries in conformity

25  with GAAP.

26      A defendant can be held liable for falsely producing a clean audit opinion, but because it is a

27  statement of professional opinion, a plaintiff must allege (1) that [the auditor defendant] did not

28

**James C. Mahan**
**U.S. District Judge**

believe its audit opinions were true, or (2) that it did not have a reasonable basis for its audit opinions." *See, e.g.*, *Kelley*, 2008 WL 5710598 at *12.  Here, plaintiffs have not alleged that Hansen did not believe its opinion.

Plaintiffs argue that Hansen did not have a reasonable basis for its opinion because its audit did not conform to GAAS.  However, because plaintiffs did not specify how Hansen's audit failed to conform to GAAS, this argument fails.

*Statements about Shengda's "internal controls"*

Just as in the court's prior dismissal, the claim that Hansen made a false statement in its 2007 opinion regarding Shengda's "internal controls" fails for the same reason that plaintiffs' GAAP compliance claims fail.  An auditor's opinion on internal controls is just that–an opinion. *Deephaven*, 454 F.3d at 1168.

Liability under § 18 for an auditor's *opinion* on "internal controls," requires that a defendant either did not believe its opinion or lacked a reasonable basis upon which to base its opinion. *Id.* Here, plaintiffs rely on their conclusory GAAS allegations to infer that Hansen lacked a reasonable basis for its opinions.  The GAAS allegations were insufficient, and so are plaintiffs' internal control allegations that rely on them.

Plaintiffs have failed to state a claim under § 18.  Plaintiffs' first, second, and third claims for relief, all brought under § 18 of the Securities Exchange Act, are, therefore, dismissed without prejudice.

**C. State Law Claims**

The court finds that plaintiffs fail to state a claim for relief under the sole federal cause of action in the amended complaint.  The court therefore declines to exercise supplemental jurisdiction over plaintiffs' remaining state law causes of action. *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1101 (9th Cir. 1996) (holding "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").  Thus, the state law claims are dismissed without prejudice.

. . .

**James C. Mahan**
**U.S. District Judge**

**III. Conclusion**

      Accordingly,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Hansen's motion to dismiss (doc. #199) be, and the same hereby is, GRANTED.   The clerk is instructed to enter judgment accordingly and close the case.

      DATED August 4, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 8 -